IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06 C 2007 |
| v. ) | |
| ) | Judge Castillo |
| ) | |
| STEVEN D. LEVITT and ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., ) | |
| ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

**A.   NATURE OF THE CASE**

Basis for federal jurisdiction.   This is a diversity action brought pursuant to 28 U.S.C. § 1332(a).

Plaintiff's Claims.  Plaintiff John R. Lott, Jr. ("Lott") alleges he was defamed by statements contained in Freakonomics -- a book written by Defendant Steven D. Levitt ("Levitt") (along with co-author Stephen J. Dubner, who is not a defendant) and published by Defendant HarperCollins Publishers LLC ("HarperCollins").  In his book, Levitt falsely alleges that "[w]hen other scholars have tried to replicate [Lott's] results, they found that right-to-carry laws simply don't bring down the crime."  Freakonomics, p. 134. Lott alleges in Count One that Levitt's statement is "defamatory *per se* because it attacks Lott's integrity and honesty in his profession as an economist, scholar and researcher", damages him "in the eyes of the academic community in which he works", and in the minds of the many readers of Freakonomics.  Lott alleges that Defendants acted with "actual malice."
Lott also alleges in Count Two that Levitt defamed him in an e-mail he sent to another economist in Texas in May 2005.
Defendants deny any wrongdoing here.  There are no counterclaims.

Relief Sought by Plaintiff.   Lott seeks damages for injury to his reputation, an injunction enjoining any further publication, printing or sale of Freakonomics until all defamatory statements about Lott have been removed, a retraction, punitive damages, pre-judgment and post-judgment interest, and his attorney's fees and costs.  Lott has not, as yet, ascertained his damages.

Major Legal Issues. Are the words complained of constitutionally protected opinion? If the words complained of are not protected opinion, are the words actionable as libel *per se*?

Major Factual Issues. Will Plaintiff be able to prove the elements of libel *per se* claims? Did the Defendants act with "actual malice" in publishing the alleged defamatory statement? What does the word "replicate" mean in the world of academic research and scholarship? [Defendants disagree with the legal materiality of this factual issue.] What steps did HarperCollins take, if any, to ascertain the accuracy of the alleged defamatory statement? Has Plaintiff suffered any injury to his reputation as a result of the e-mail sent to a single person?

Key Authorities for Plaintiff. New York Times Co. v. Sullivan, 376 U.S. 254 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130 (1967); Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657 (1989); Masson v. The New Yorker Magazine, Inc. 960 F.2d 896 (9th Cir. 1992); Kisser v. Coalition For Religious Freedom, 1994 U.S. Dist. LEXIS 18818 (N.D. Il. Jan. 1, 1995); Naantaanbuu v. Abernathy, 816 F. Supp. 218 (S.D.N.Y. 1993).

Key Authorities for Defendants: Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990); Haynes v. Alfred A. Knopf, 8 F.3d 1222 (7th Cir. 1993); Dilworth v. Dudley, 75 F.3d 307 (7th Cir. 1996); Chapski v. Copley Press, 92 Ill.2d 344 (1982).

**B.     DRAFT SCHEDULING ORDER**

The parties agree that the closing date for fact discovery should depend on the date that the motions to dismiss will be decided. The parties disagree as to the amount of time that should be permitted for fact discovery to be completed.

| Event | Date |
|---|---|
| Joinder/Amendment | 7/10/06 |
| Close of Fact Discovery | Plaintiff's position: 3 months after the motions to dismiss are decided<br>Defendants' position: 9 months after the motions to dismiss are decided |
| Plaintiff's Fed. R. Civ. P. 26(b)(4) report | 30 days after close of fact discovery |
| Defendants' Fed. R. Civ. P. 26(b)(4) rep. | 75 days after close of fact discovery |
| Plaintiff's Rebuttal Rule 26 report | 30 days after production of Defendants' Rule 26 report |
| Close of Expert Discovery | 120 days after close of fact discovery |
| Summary judgment motions | 30 days after close of all discovery |
| Joint Pretrial Order | 30 days after SJ motions decided |
| Final Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

C.   **TRIAL STATUS**

Plaintiff has requested a jury trial.  Probable length of trial – 8-10 days

D.   **MAGISGTRATE JUDGE**

The parties do not consent to proceed before a Magistrate Judge.

E.   **SETTLEMENT STATUS**

Lott wrote Levitt on January 11, 2006 requesting that he correct his claims that Lott invented some survey data and that other scholars have been unable to replicate Lott's results.  Lott, through his counsel, wrote Defendants on March 17, 2006 and demanded that (i) all future printings of Freakonomics correct the alleged defamatory statement; and (ii) the correction be in the form of a retraction stating that the statement is untrue and that the authors regret the misstatement.  There has been no substantive response to either letter.  Lott is still willing to settle on the basis of his letter of January 11, 2006 and his counsel's letter of March 17, 2006.

Respectfully submitted,

| | |
|---|---|
| ___s/ Thomas A. Vickers*___ | ___s/ David P. Sanders_____ |
| Thomas A. Vickers, Esq. | David P. Sanders, Esq. |
| Vanek, Vickers & Masini, P.C. | Jenner & Block LLP |
| 225 W. Washington Street | One IBM Plaza |
| 18th Floor | Chicago, Illinois  606011 |
| Chicago, Illinois  60606 | Tele:  312-222-9350 |
| Tele:  312-224-1500 | Fax:   312-840-7363 |
| Fax:   312-224-1515 | |
| | |
| Stephen H. Marcus, Esq. | Slade R. Metcalf, Esq. |
| Law Office of Stephen H. Marcus | Gail C. Gove, Esq. |
| 1050 17th Street, N.W. | Hogan & Hartson LLP |
| Suite 600 | 875 Third Avenue |
| Washington, D.C.  20036 | New York, New York  10022 |
| Tele:  202-776-0651 | Tele:   212-918-3000 |
| Fax:   202-331-7272 | Fax:    212-918-3100 |
| | |
| **Counsel for Plaintiff** | **Counsel for Defendants** |

*David P. Sanders, one of the attorneys for Defendants, represents that counsel for Plaintiff has approved the electronic filing of this document with their signature by counsel for Defendants.