IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. LOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 2007 |
| v. | ) | |
| | ) | Judge Castillo |
| | ) | |
| STEVEN D. LEVITT and | ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT HARPERCOLLINS' MOTION TO DISMISS**

Defendant HarperCollins Publishers LLC (f/k/a HarperCollins Publishers Inc.) ("HarperCollins"), by its attorneys, moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the entry of an order dismissing this action with prejudice as against it. In support of this motion, HarperCollins states as follows:

1. This action arises out of a book entitled <u>Freakonomics,</u> (the "Book") published by HarperCollins and written by defendant Steven D. Levitt ("Levitt") and Stephen J. Dubner (who is not a party to this action). Because of its size, a copy of the Book will be filed under separate cover as Exhibit 1 to this motion. Using everyday language, the Book asks a series of intriguing questions about the modern world, but does not conclusively resolve any of them. The Book employs economic analysis, as well as history, story-telling and statistics to illustrate its various ideas and hypothesis.

2. The plaintiff in this lawsuit, John R. Lott, Jr. ("Plaintiff") has filed a two-count complaint (the "Complaint"). Count One asserts a claim of libel *per se* against both HarperCollins and Levitt arising out of an excerpt in the Book which discusses Plaintiff's

conclusions about the relationship between gun control laws and crime (the "Excerpt").[1] In Count One of the Complaint, Plaintiff seeks an unspecified amount of actual damages plus attorneys' fees, interest, and costs, and an unprecedented injunction in a libel case.

3. Count One of the Complaint fails to state a claim upon which relief can be granted for the following reasons:

(a) Count One fails as a matter of law to state a claim for libel *per se* upon which relief may be granted because the Excerpt constitutes an expression of opinion which is not actionable under the First Amendment to the United States Constitution. (Count One only seeks recovery for libel *per se*, and not for libel *per quod* which would require pleading and proof of special damages which are clearly not alleged. (Complaint, ¶ 14.))

(b) Additionally, the Excerpt is not capable of a defamatory *per se* meaning that impugns Plaintiff in his profession or otherwise falls within one of the limited categories of statements or imputations that Illinois law considers libelous *per se*;

(c) Additionally, the Excerpt is capable of a reasonable, non-defamatory *per se* construction under Illinois law and therefore cannot be the basis of a libel *per se* claim;

(d) In the alternative, the Excerpt is not capable of a defamatory *per se* meaning under Virginia law.

4. On May 31, 2006, Defendant HarperCollins complied with this Court's Case Management Procedure for Motion Practice by serving counsel for Plaintiff with a letter summarizing the legal and factual grounds of this motion and requesting that Plaintiff withdraw his Complaint. Plaintiff has not done so to this date.

---

[1] Count Two of the Complaint is asserted solely against Levitt and is addressed in his motion to dismiss filed separately with the Court.

WHEREFORE, Defendant HarperCollins respectfully requests that this Court enter an order dismissing this action, as against it, with prejudice, together with costs and other relief as is appropriate.

Respectfully submitted,

HARPERCOLLINS PUBLISHERS LLC

By: ___s/ David P. Sanders_____
   One of Its Attorneys

Slade R. Metcalf
Gail C. Gove
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

David P. Sanders (#02452359)
Wade A. Thomson (#6282174)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 923-2963