IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. LOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 2007 |
| v. | ) | |
| | ) | Judge Castillo |
| | ) | |
| STEVEN D. LEVITT and | ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT LEVITT'S MOTION TO DISMISS**

Defendant Steven D. Levitt ("Levitt"), by his attorneys, moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the entry of an order dismissing this action as against him with prejudice. In support of this motion, Levitt states as follows:

1. This action arises out of a book authored by Levitt and Stephen J. Dubner (who is not a party to this case) entitled <u>Freakonomics</u> (the "Book") and published by defendant HarperCollins Publishers LLC (f/k/a HarperCollins Publishers Inc.) ("HarperCollins"), and an e-mail Levitt sent to an alleged economist residing in Texas (the "E-Mail"). A copy of the Book is being filed as Exhibit 1 to Defendant HarperCollins' Motion to Dismiss, which has been filed separately with the Court.

2. The plaintiff in this lawsuit, John R. Lott, Jr. ("Plaintiff") has filed a two-count complaint (the "Complaint"). Count One of the Complaint asserts a claim of libel *per se* as against both Levitt and HarperCollins arising out of an excerpt in the Book discussing Plaintiff's conclusions about the relationship between gun control laws and the reduction in crime (the "Excerpt"). Plaintiff seeks an unspecified amount of actual damages, attorneys' fees, interest

and costs and an unprecedented injunction to stop the publication or printing of the Book. Count Two of the Complaint asserts a claim of libel *per se* solely against Levitt based on statements in the E-Mail about an issue of an academic journal which addressed Lott's research on the relationship between gun control laws and crime. Plaintiff seeks actual damages, plus attorneys' fees, interest and costs.

3. Count One of the Complaint fails to state a claim upon which relief can be granted for the following reasons:

(a) Count One fails as a matter of law to state a claim for libel *per se* upon which relief may be granted because the Excerpt constitutes an expression of opinion which is not actionable under the First Amendment to the United States Constitution. (Count One only seeks recovery for libel *per se*, and not for libel *per quod* which would require pleading and proof of special damages which are clearly not alleged. (Complaint, ¶ 14.))

(b) Additionally, the Excerpt is not capable of a defamatory *per se* meaning that impugns Plaintiff in his profession or otherwise falls within one of the limited categories of statements or imputations that Illinois law considers libelous *per se*;

(c) Additionally, the Excerpt is capable of a reasonable, non-defamatory *per se* construction under Illinois law and therefore cannot be the basis of a libel *per se* claim;

(d) In the alternative, the Excerpt is not capable of a defamatory *per se* meaning under Virginia law.

4. Count Two of the Complaint fails to state a claim upon which relief may be granted for the following reasons:

(a) The Complaint fails to state a claim of libel *per se* arising out of the E-Mail because, as a matter of law, the E-Mail constitutes expressions of opinion and rhetorical hyperbole which are not actionable under the First Amendment to the United States Constitution. (Count Two only seeks recovery for libel *per se*, and not for libel *per quod* which would require pleading and proof of special damages which are clearly not alleged. (Complaint, ¶ 22.))

(b) Additionally, the E-Mail is not capable of a defamatory *per se* meaning that impugns Plaintiff in his profession or otherwise falls within one of the limited categories of statements or imputations that Illinois law considers libelous *per se*;

(c) Additionally, the E-Mail is capable of a reasonable, non-defamatory *per se* construction under Illinois law and therefore cannot be the basis of a libel *per se* claim;

(d) In the alternative, the E-Mail is not capable of a defamatory *per se* meaning under Virginia law.

5. On May 31, 2006, Defendant Levitt complied with this Court's Case Management Procedure for Motion Practice by serving counsel for Plaintiff with a letter summarizing the legal and factual grounds of this motion and requesting that Plaintiff withdraw his Complaint. To date, Plaintiff has not done so.

WHEREFORE, Defendant Steven D. Levitt respectfully requests that this Court enter an order dismissing this action, in its entirety, as against him, with prejudice, together with costs and other relief as is appropriate.

Respectfully submitted,

STEVEN D. LEVITT

By: ____s/ David P. Sanders_____
       One of His Attorneys

Slade R. Metcalf
Gail C. Gove
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

David P. Sanders (#02452359)
Wade A. Thomson (#6282174)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 923-2963