IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., | ) |
|               Plaintiff, | ) Case No. 06 C 2007 |
| v. | ) Judge Castillo |
| STEVEN D. LEVITT and HARPERCOLLINS PUBLISHERS, INC., | ) Magistrate Judge Levin |
|               Defendants. | ) |

## ANSWER OF DEFENDANT STEVEN D. LEVITT

Defendant Steven D. Levitt ("Levitt"), by and through his attorneys, for his answer to the complaint (the "Complaint") of Plaintiff John R. Lott, Jr. ("Plaintiff"), alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admits the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Denies that jurisdiction is proper in this action because the matter in controversy does not exceed $75,000, even inclusive of interest and costs, as alleged in Paragraph 4 of the Complaint.

5. Admits that assuming that jurisdiction does exist, venue is proper in this action as alleged in Paragraph 5 of the Complaint.

## FOR A RESPONSE TO FACTUAL ALLEGATIONS RELATING TO COUNT ONE

6. Levitt declines to respond to the allegations contained in Paragraphs 6-17 of the Complaint because Count I of the Complaint was dismissed by this Court in an order dated January 11, 2007, except insofar as said allegations could be construed to assert a claim against Levitt, Levitt denies those allegations.

## FOR A RESPONSE TO FACTUAL ALLEGATIONS RELATING TO COUNT II

7. Admits that on May 24 or 25, 2005, Levitt received an e-mail, denies that the e-mail was from "John McCall" and further states that the e-mail was signed by an individual identifying himself as one "John B. McCall PhD" ("McCall"), denies knowledge or information sufficient to form a belief as to the truth of whether McCall is an economist residing in Texas, admits that the e-mail contained the statement "You also state that others have tried to replicate [Lott's] research and failed. Please supply me with appropriate citations so that I might check for myself," and respectfully refers this Court to the full content of the e-mail sent by McCall for its true content and meaning, admits that the "Special Issue" includes an article by Lott, respectfully refers this Court to the "Special Issue" and Lott's article in the "Special Issue" for their true content and meaning, but except as so admitted, denied, referred or further stated, denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 18 of the Complaint.

8. Admits that on May 24 or 25, 2005, Levitt received an e-mail from the same e-mail address as the individual identifying himself as McCall, admits that the e-mail contained the statements set forth in Paragraph 19 of the Complaint, respectfully refers this Court to the full

content of the e-mail for its true content and meaning, further states that the e-mail was signed by "John McCall PhD", but except as so admitted, referred or further stated, denies each and every remaining allegation in Paragraph 19 of the Complaint.

9. Admits that Levitt responded to the individual identifying himself as McCall with an e-mail containing the statements set forth in Paragraph 20 of the Complaint, respectfully refers this Court to the full content of the e-mail for its true content and meaning, but except as so admitted or referred, denies each and every allegation contained in Paragraph 20 of the Complaint.

10. Denies each and every allegation contained in Paragraph 21 of the Complaint.

11. Denies each and every allegation contained in Paragraph 22 of the Complaint.

### FOR A RESPONSE TO THE FIRST COUNT
### (Defamation Claim Against Levitt and HarperCollins)

12. Levitt declines to respond to the allegations contained in Paragraphs 23-29 of the Complaint because Count I of the Complaint was dismissed by this Court in an order dated January 11, 2007.

### FOR A RESPONSE TO THE SECOND COUNT
### (Defamation Claim Against Levitt)

13. Repeats and realleges Levitt's responses to paragraphs 1 through 11 of the Complaint as if made in response to Paragraph 30 of the Complaint.

14. Denies each and every allegation contained in Paragraph 31 of the Complaint.

15. Denies each and every allegation contained in Paragraph 32 of the Complaint.

16. Denies each and every allegation contained in Paragraph 33 of the Complaint.

17. Denies each and every allegation contained in Paragraph 34 of the Complaint.

18. Denies each and every allegation contained in the Complaint not heretofore expressly admitted.

## AFFIRMATIVE DEFENSES

Levitt makes the following allegations as affirmative defenses without admitting that Levitt bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FOR A FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a cause of action upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

20. The complained of statements are substantially true.

### FOR A THIRD AFFIRMATIVE DEFENSE

21. The complained of statements are not defamatory.

### FOR A FOURTH AFFIRMATIVE DEFENSE

22. The complained of statements are protected expressions of opinion.

### FOR A FIFTH AFFIRMATIVE DEFENSE

23. The publication of the statements complained of did not in any way adversely affect Lott's reputation.

### FOR A SIXTH AFFIRMATIVE DEFENSE

24. The complained of statements were published without constitutional malice and in good faith, with the belief that they were accurate, and without knowledge of falsity or reckless disregard for the truth.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The publication of the Article was and is privileged under the First and Fourteenth Amendments to the United States Constitution and Article I, Section Four of the Constitution of the State of Illinois.

## FOR AN EIGTH AFFIRMATIVE DEFENSE

26. Punitive damages are barred pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution.

## FOR A NINTH AFFIRMATIVE DEFENSE

27. The statements complained of were not published with common law malice, and thus punitive damages are not recoverable in this case.

## FOR A TENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

28. Levitt reserves the right to assert and rely upon other defenses that become available or appear during the course of this action.

WHEREFORE, defendant Steven D. Levitt demands judgment dismissing the Complaint against him, together with costs, attorney's fees, disbursements, and such other and further relief as this Court deems appropriate.

Dated: April 27, 2007

Respectfully submitted,

HOGAN & HARTSON LLP

By: /s/ Slade R. Metcalf
Slade R. Metcalf
Gail C. Gove
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

and

David P. Sanders
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 923-2963
Facsimile: (312) 840-7363

*Attorneys for Defendant Steven D. Levitt*

# CERTIFICATE OF SERVICE

I, Gail C. Gove, an attorney, hereby certify that I caused a copy of the foregoing Answer of Defendant Steven D. Levitt to be filed electronically with the Clerk of the Court using the CM/ECF system on this 27th day of April, 2007, which will automatically send email notifications of such filing to registered parties.

>Thomas A. Vickers
>Vanick, Vickers & Masini, P.C.
>225 W. Washington St. #1850
>Chicago, IL 60607

I further certify that I served the foregoing Answer of Defendant Steven D. Levitt on

>Stephen H. Marcus
>Law Office of Stephen H. Marcus
>1050 17th St., N.W., Suite 600
>Washington, D.C. 20036

by depositing a true copy thereof in postage prepaid, securely sealed envelopes and placing them in an official depository of the United States Postal Service within the State of New York for First Class Mail delivery, and by providing a courtesy copy via e-mail.


/s/ Gail C. Gove