IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06 C 2007 |
| v. ) | |
| ) | Judge Ruben Castillo |
| ) | |
| STEVEN D. LEVITT and ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., ) | |
| ) | |
| Defendants. ) | |

## JOINT REVISED STATUS REPORT

**A.    NATURE OF THE CASE**

The parties have revised their Initial Status Report in light of the Court's Memorandum Opinion and Order, dated January 11, 2007 ("Order").

<u>Basis for federal jurisdiction</u>.    This is a diversity action brought pursuant to 28 U.S.C. § 1332(a).

<u>Plaintiff's Claims.</u> Plaintiff John R. Lott, Jr. ("Plaintiff" or "Lott") alleges he was defamed by statements made by Defendant Steven D. Levitt ("Defendant" or "Levitt") in an e-mail exchange in May 2005 with an economist, John McCall ("McCall"). In the exchange, McCall referred to a special issue ("Special Issue") of the <u>Journal of Law & Economics</u> published in October 2001. The Special Issue contains articles delivered at an academic conference co-sponsored by the Center for Law, Economics, and Public Policy at Yale Law School and the American Enterprise Institute. In his reply to McCall's e-mail, Levitt wrote: "It was not a peer refereed edition of the Journal. For $15,000 he was able to buy an issue and put in only work that supported him. My best friend was the editor and was outraged the press let Lott do this." Lott alleges that Levitt's statement is false because the Special Issue was peer reviewed, that he did not "buy" the issue, and that he did not "put in only work that supported him." Lott also alleges that the statement is defamatory *per se* because it attacks Lott's integrity and honesty in his profession as an economist, scholar and researcher.  Lott also alleges that Levitt acted with "actual malice."

Levitt denies any wrongdoing here. There are no counterclaims.

Relief Sought by Plaintiff. Lott alleges that Levitt's statements are defamatory *per se* and that damages are therefore presumed. Lott seeks damages for injury to his reputation, a retraction, punitive damages, pre-judgment and post-judgment interest, and his attorney's fees and costs.

Major Legal Issues. Plaintiff states that there are no major legal issues. Defendant urges that the court needs to rule on the following legal issues: (1) whether Lott is a public figure for purposes of this case; and (2) whether after discovery is completed, that Levitt's e-mail expresses his opinion on underlying true facts.

Major Factual Issues. Are the statements in Defendant's e-mail false? Did Defendant act with "actual malice" in writing the alleged defamatory e-mail? Has Plaintiff suffered any injury to his reputation as a result of the e-mail? Is Plaintiff entitled to any damages as a result of the e-mail? Is Plaintiff entitled to punitive damages as a result of Defendant's e-mail?

Key Authorities for Plaintiff. New York Times Co. v. Sullivan, 376 U.S. 254 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130 (1967); Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657 (1989); Masson v. The New Yorker Magazine, Inc., 960 F.2d 896 (9th Cir. 1992); Babb v. Minder, 806 F.2d 749 (7th Cir. 1986).

Key Authorities for Defendants: Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974); Underwager v. Salter, 22 F.3d 730 (7th Cir. 1994); Dilworth v. Dudley, 75 F.3d 307 (7th Cir. 1996); Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990); Haynes v. Alfred A. Knopf, 8 F.3d 1222 (7th Cir. 1993).

**B. DRAFT SCHEDULING ORDER**

| Event | Date |
|---|---|
| Joinder/Amendment | 5/25/07 |
| Close of Fact Discovery | Plaintiff's position: 7/31/07<br>Defendant's position: 1/31/08 |
| Plaintiff's Rule 26 Report | 30 days after close of fact discovery |
| Defendant's Rule 26 Report | 75 days after close of fact discovery |
| Plaintiff's Rebuttal Rule 26 Report | 30 days after production of Defendant's Rule 26 Report |
| Close of Expert Discovery | 160 days after close of fact discovery |
| Summary judgment motions | 30 days after close of all discovery |
| Joint Pretrial Order | 30 days after SJ motions decided |
| Final Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

C.  **TRIAL STATUS**

Plaintiff withdraws his request for a jury trial. Defendant consents to this withdrawal. Probable length of trial: 2-3 days.

D.  **MAGISGTRATE JUDGE**

The parties do not consent to proceed before a Magistrate Judge.

E.  **SETTLEMENT STATUS**

The parties had a settlement conference in Judge Castillo's Chambers on March 28, 2007, but were unable to agree on any settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen H. Marcus | /s/ Slade R. Metcalf |
| Stephen H. Marcus, Esq. | Slade R. Metcalf, Esq. |
| Law Office of Stephen H. Marcus | Gail C. Gove, Esq. |
| 1730 Rhode Island Avenue, N.W. | Hogan & Hartson LLP |
| Suite 713 | 875 Third Avenue |
| Washington, D.C. 20036 | New York, New York 10022 |
| Tele: 202-776-0390 | Tele: 212-918-3000 |
| Fax: 202-776-0394 | Fax: 212-918-3100 |
| | |
| Thomas A. Vickers, Esq. | David P. Sanders, Esq. |
| Vanek, Vickers & Masini, P.C. | Jenner & Block LLP |
| 225 W. Washington Street | 330 North Wabash Avenue |
| 18th Floor | Chicago, Illinois 60601 |
| Chicago, Illinois 60606 | Tele: 312-222-9350 |
| Tele: 312-224-1500 | Fax: 312-840-7363 |
| Fax: 312-224-1515 | |
| | |
| **Counsel for Plaintiff** | **Counsel for Defendants** |

April 27, 2007