IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN D. LEVITT and <br> HARPERCOLLINS PUBLISHERS, INC., <br><br> Defendants. | Case No. 06 C 2007 <br><br> Judge Castillo <br><br> Magistrate Judge Levin |

## CORRECTED ANSWER OF DEFENDANT STEVEN D. LEVITT

Defendant Steven D. Levitt ("Levitt"), by and through his attorneys, for his answer to the complaint (the "Complaint") of Plaintiff John R. Lott, Jr. ("Plaintiff"), alleges as follows:

Paragraph 1 of the Complaint alleges:

Lott is an individual residing at 5401 Duxford Place, Burke, Virginia. He received his doctorate in economics from UCLA and has held positions at several prestigious universities, including Stanford University, Rice University, UCLA, University of Pennsylvania, University of Chicago and Yale University. Most recently, he was a resident scholar at the American Enterprise Institute in Washington, D.C.

Answer to Paragraph 1:

Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

Paragraph 2 of the Complaint alleges:

Levitt is an individual residing, on information and belief, in the Chicago, Illinois area. Levitt is an economics professor in the Department of Economics at the University of Chicago, Illinois.

Answer to Paragraph 2:

Admits the allegations contained in Paragraph 2 of the Complaint.

Paragraph 3 of the Complaint alleges:

HarperCollins is a corporation with its head office at 10 East 53rd Street, New York, N.Y. and is incorporated in the State of Delaware. HarperCollins is a book publisher.

Answer to Paragraph 3:

Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

Paragraph 4 of the Complaint alleges:

Jurisdiction of this action is proper pursuant to 28 U.S.C. Section 1332(a) in that the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

Answer to Paragraph 4:

Denies that jurisdiction is proper in this action because the matter in controversy does not exceed $75,000, even inclusive of interest and costs, as alleged in Paragraph 4 of the Complaint.

Paragraph 5 of the Complaint alleges:

Venue is proper pursuant to 28 U.S.C. 1391(a)(2) in that a substantial part of the acts, events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

Answer to Paragraph 5:

Admits that assuming that jurisdiction does exist, venue is proper in this action as alleged in Paragraph 5 of the Complaint.

**FOR A RESPONSE TO FACTUAL ALLEGATIONS RELATING TO COUNT ONE**

Allegations in Paragraphs 6-17 refer to Count I of the Complaint. Levitt declines to respond to the allegations contained in Paragraphs 6-17 of the Complaint because Count I of the Complaint was dismissed by this Court in an order dated January 11, 2007, except insofar as said allegations could be construed to assert a claim against Levitt, Levitt denies those allegations.

# FOR A RESPONSE TO FACTUAL ALLEGATIONS RELATING TO COUNT II

Paragraph 18 of the Complaint alleges:

On information and belief, on or about May 24 or May 25, 2005, John McCall ("McCall"), an economist residing in Texas, sent Levitt an e-mail stating that "You also state that others have tried to replicate [Lott's] research and have failed. Please supply me with appropriate citations so that I might check for myself." In a subsequent e-mail, McCall referred to a special issue of The Journal of Law & Economics (Vol. 44 (2) (pt.2)) published in October 2001 ("Special Issue"), which contains a collection of scholarly articles, including one by Lott on the topic of "Safe Storage Gun Laws: Accidental Deaths, Suicides, and Crime" – an article that also addresses right-to-carry laws. The Special Issue contains articles delivered at an academic conference co-sponsored by the Center for Law, Economics, and Public Policy at Yale Law School and the American Enterprise Institute. After discussion with the editors, Lott raised the funds to pay the journal's printing and mailing costs.

Response to Paragraph 17 of the Complaint:

Admits that on May 24 or 25, 2005, Levitt received an e-mail, denies that the e-mail was from "John McCall" and further states that the e-mail was signed by an individual identifying himself as one "John B. McCall PhD" ("McCall"), denies knowledge or information sufficient to form a belief as to the truth of whether McCall is an economist residing in Texas, admits that the e-mail contained the statement "You also state that others have tried to replicate [Lott's] research and failed. Please supply me with appropriate citations so that I might check for myself," and respectfully refers this Court to the full content of the e-mail sent by McCall for its true content and meaning, admits that the "Special Issue" includes an article by Lott, respectfully refers this Court to the "Special Issue" and Lott's article in the "Special Issue" for their true content and meaning, but except as so admitted, denied, referred or further stated, denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 18 of the Complaint.

Paragraph 19 of the Complaint alleges:

> In his e-mail, McCall stated as follows:
>
> I went to the website you recommended – have not gone after the round table proceedings yet –
>
> I also found the following citations – have not read any of them yet, but it appears they all replicate Lott's research. The Journal of Law and Economics is not chopped liver.
>
> Have you read through any of these?
> http://johnrlott.tripod.com/postsbyday/RTCResearch.html.

Answer to Paragraph 19 of the Complaint:

Admits that on May 24 or 25, 2005, Levitt received an e-mail from the same e-mail address as the individual identifying himself as McCall, admits that the e-mail contained the statements set forth in Paragraph 19 of the Complaint, respectfully refers this Court to the full content of the e-mail for its true content and meaning, further states that the e-mail was signed by "John McCall PhD", but except as so admitted, referred or further stated, denies each and every remaining allegation in Paragraph 19 of the Complaint.

Paragraph 20 of the Complaint alleges:

Levitt responded by e-mail that same day and stated as follows:

> It was not a peer refereed edition of the Journal. For $15,000 he was able to buy an issue and put in only work that supported him. My best friend was the editor and was outraged the press let Lott do this.

Response to Paragraph 20 of the Complaint:

Admits that Levitt responded to the individual identifying himself as McCall with an e-mail containing the statements set forth in Paragraph 20 of the Complaint, respectfully refers this Court to the full content of the e-mail for its true content and meaning, but except as so admitted or referred, denies each and every allegation contained in Paragraph 20 of the Complaint.

Paragraph 21 of the Complaint alleges as follows:

> The foregoing allegations are false and defamatory. The Special Issue was in fact, peer reviewed. Levitt knew it was peer reviewed because Lott asked him to contribute an article and told him that the papers would be peer reviewed.

Response to Paragraph 21 of the Complaint:

Denies each and every allegation contained in Paragraph 21 of the Complaint.

Paragraph 22 of the Complaint alleges:

> Levitt's statement that "For $15,000 [Lott] was able to buy an issue and put in only work that supported him" is also false and defamatory. Lott did not "buy" the issue, nor did he "put in only work that supported him." Lott invited scholars who both agreed and disagreed with him to provide articles. Levitt's statement to McCall is defamatory per se because it attacks Lott's integrity and honesty in his profession as an economist, scholar and researcher as well as the integrity of the Journal and its editors. Levitt's statements was made with actual malice because he knew it was false or he made it with reckless disregard for whether it was false. Levitt knew the statement wasn't true because of his above-mentioned conversation with Lott. Further, Levitt had an article published in a prior special issue of The Journal of Law and Economics that had been set up in exactly the same way, and all of those articles were reviewed. Thus, Levitt knew that The Journal of Law & Economics practice was to publish only peer-reviewed articles.

Response to Paragraph 22 of the Complaint:

Denies each and every allegation contained in Paragraph 22 of the Complaint.

## FOR A RESPONSE TO THE FIRST COUNT
### (Defamation Claim Against Levitt and HarperCollins)

Paragraphs 23-39 of the Complaint refer to Count I of the Complaint. Levitt declines to respond to the allegations contained in Paragraphs 23-29 of the Complaint because Count I of the Complaint was dismissed by this Court in an order dated January 11, 2007.

## FOR A RESPONSE TO THE SECOND COUNT
### (Defamation Claim Against Levitt)

Paragraph 30 of the Complaint alleges:

Lott repeats each and every allegation in paragraphs 17-22 and incorporates the same herein.

Response to Paragraph 30 of the Complaint:

Repeats and realleges Levitt's responses to paragraphs 1 through 11 of the Complaint as if made in response to Paragraph 30 of the Complaint.

Paragraph 31 of the Complaint alleges:

Levitt published a false and defamatory statement in his e-mail to John McCall on may 25, 2005.

Response to Paragraph 31 of the Complaint:

Denies each and every allegation contained in Paragraph 31 of the Complaint.

Paragraph 32 of the Complaint alleges:

Levitt made the defamatory statement with actual malice because he either knew it was false or made the statement with reckless disregard for whether it was false.

Response to Paragraph 32 of the Complaint:

Denies each and every allegation contained in Paragraph 32 of the Complaint.

Paragraph 33 of the Complaint alleges:

Lott has been damaged as a result of the Levitt's e-mail.

Response to Paragraph 33 of the Complaint:

Denies each and every allegation contained in Paragraph 33 of the Complaint.

Paragraph 34 of the Complaint alleges:

> Wherefore, Lott demands judgment against Levitt in such amount of actual damages as may be proved at trial, plus attorneys' fees, interest and costs, and such other relief as the Court deems to be just and proper.

Response to Paragraph 34 of the Complaint:

Denies each and every allegation contained in Paragraph 34 of the Complaint.

Denies each and every allegation contained in the Complaint not heretofore expressly admitted.

## AFFIRMATIVE DEFENSES

Levitt makes the following allegations as affirmative defenses without admitting that Levitt bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a cause of action upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

2. The complained of statements are substantially true.

### FOR A THIRD AFFIRMATIVE DEFENSE

3. The complained of statements are not defamatory.

### FOR A FOURTH AFFIRMATIVE DEFENSE

4. The complained of statements are protected expressions of opinion.

### FOR A FIFTH AFFIRMATIVE DEFENSE

5. The publication of the statements complained of did not in any way adversely affect Lott's reputation.

## FOR A SIXTH AFFIRMATIVE DEFENSE

6.  The complained of statements were published without constitutional malice and in good faith, with the belief that they were accurate, and without knowledge of falsity or reckless disregard for the truth.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

7.  The publication of the Article was and is privileged under the First and Fourteenth Amendments to the United States Constitution and Article I, Section Four of the Constitution of the State of Illinois.

## FOR AN EIGTH AFFIRMATIVE DEFENSE

8.  Punitive damages are barred pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution.

## FOR A NINTH AFFIRMATIVE DEFENSE

9.  The statements complained of were not published with common law malice, and thus punitive damages are not recoverable in this case.

## FOR A TENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

10. Levitt reserves the right to assert and rely upon other defenses that become available or appear during the course of this action.

WHEREFORE, defendant Steven D. Levitt demands judgment dismissing the Complaint against him, together with costs, attorney's fees, disbursements, and such other and further relief as this Court deems appropriate.

Dated: April 30, 2007

Respectfully submitted,

HOGAN & HARTSON LLP

By:   /s/ Slade R. Metcalf
Slade R. Metcalf
Gail C. Gove
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

and

David P. Sanders
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 923-2963
Facsimile: (312) 840-7363

*Attorneys for Defendant Steven D. Levitt*

# CERTIFICATE OF SERVICE

I, Gail C. Gove, an attorney, hereby certify that I caused a copy of the foregoing Corrected Answer of Defendant Steven D. Levitt to be filed electronically with the Clerk of the Court using the CM/ECF system on this 30th day of April, 2007, which will automatically send email notifications of such filing to registered parties.

> Thomas A. Vickers
> Vanick, Vickers & Masini, P.C.
> 225 W. Washington St. #1850
> Chicago, IL 60607

I further certify that I served the foregoing Answer of Defendant Steven D. Levitt on

> Stephen H. Marcus
> Law Office of Stephen H. Marcus
> 1730 Rhode Island Avenue, N.W.
> Suite 713
> Washington, D.C. 20036

by depositing a true copy thereof in postage prepaid, securely sealed envelopes and placing them in an official depository of the United States Postal Service within the State of New York for First Class Mail delivery, and by providing a courtesy copy via e-mail.

*/s/ Gail C. Gove*
Gail C. Gove