## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR. | : |
| | : |
| **Plaintiff,** | : Civil Action No. 06 C 2007 |
| | : Judge Castillo |
| v. | Magistrate Judge Levin |
| | : |
| STEVEN D. LEVITT and | : |
| HARPERCOLLINS PUBLISHERS, | |
| INC. | : |
| | |
| **Defendants.** | : |

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff John R. Lott, Jr. ("Plaintiff" or "Lott"), by his undersigned counsel and

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves for an

Order directing that deposition testimony and any documents produced by Lott in the

course of discovery only be used for published or disseminated outside this litigation.

Pursuant to Local Rule 37.2, Plaintiff's counsel conferred by telephone with

Defendant Steven D. Levitt's ("Defendant" or "Levitt") counsel on May 23, 2007, and

despite a good faith attempt to resolve this issue, Defendant's counsel is unwilling to

agree to the relief requested. Indeed, Defendant's counsel has flatly refused to agree that

Defendant should refrain from doing whatever he wants with information obtained about

Plaintiff during discovery. Accordingly, Plaintiff is filing the instant motion.

Dockets.Justia.com

A memorandum setting forth the factual and legal basis for the motion is attached hereto, together with a proposed Order.

Respectfully submitted,

/s/ Stephen H. Marcus
Law Office of Stephen H. Marcus
1730 Rhode Island Avenue, N.W.
Suite 713
Washington, D.C. 20036

and

Thomas A. Vickers
Vanek, Vickers & Masini, P.C.
111 South Wacker Drive
Suite 4050
Chicago, IL 60606

Counsel for Plaintiff John R. Lott

May 25, 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JOHN R. LOTT, JR.** | : | |
| **Plaintiff,** | : | **Civil Action No. 06 C 2007** |
| | : | **Judge Castillo** |
| **v.** | | **Magistrate Judge Levin** |
| | : | |
| **STEVEN D. LEVITT and** | : | |
| **HARPERCOLLINS PUBLISHERS,** | | |
| **INC.** | : | |
| | | |
| **Defendants.** | : | |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER

### INTRODUCTION AND BACKGROUND

Plaintiff has sued Defendant for defamation for statements made in Defendant's

book – <u>Freakonomics - A Rogue Economist Explores The Hidden Side of Everything</u>

(Count I) – and an e-mail that Defendant sent on or about May 24, 2005 (Count II). The

Court dismissed Count I, but denied Defendant's motion to dismiss Count II. The parties

are currently engaged in discovery, and a trial date has been set for October 1, 2007.

Defendant's counsel has advised Plaintiff's counsel and the Court during

mediation that he intends to defend this case, in part, by attacking Plaintiff's reputation.

Plaintiff's counsel has advised Defendant's counsel that Plaintiff's new book –

<u>Freedomnomics – Why The Free Market Works And Other Half-Baked Theories Don't</u> --

will be published by Regnery Publishing, Inc. on June 4, 2007, and requested that

Defendant refrain from using deposition testimony and documents produced by Lott

outside of this litigation so as not to damage Plaintiff or the launch of his new book. Defendant has refused to agree to this request.

Without acceding to the legal relevance of Defendant's defense strategy in a defamation action where injury is presumed, Defendant can, within the bounds of the Federal Rules of Civil Procedure, pursue his defense strategy. However, as we show below, he is not at liberty to publish or disseminate outside the litigation information that he has obtained in the litigation.

## ARGUMENT

Rule 26(c) permits this Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The decision to issue a protective order and the scope of the order is within the Court's discretion. Seattle Times, Co. v. Rhinehart, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Defendant is seeking broad discovery in this litigation and, with minor exception, Plaintiff has not objected to such discovery. However, there is a significant risk that in the face of such wide-sweeping discovery information may be provided – either in deposition testimony or through documents – that could be embarrassing or damaging to Plaintiff. Moreover, Plaintiff's new book – Freedomnomics – Why The Free Market Works And Other Half-Baked Theories Don't – will be published on June 4, 2007. As the title suggests, Plaintiff's new book is a rebuttal to Defendant's book Freakonomics. Publication or dissemination of information that is obtained during discovery, particularly if provided without context or explanation, could extremely be damaging to sales of

Plaintiff's new book. An appropriately tailored protective order will prevent this from occurring.

In  Seattle Times, Co. v. Rhinehart, 467 U.S. 20 (1984), the Supreme Court recognized the potential for abuse that can occur if pretrial discovery material is disseminated and ruled that a protective order can be issued to avoid this risk.  In that case, the plaintiff was the leader of a religious group who sued several newspaper companies for defamation, among other things, as a result of newspaper articles that had been published about the plaintiff.  The trial court issued an order compelling the plaintiff to identify all donors and the amounts given to the plaintiff's group.  The trial court also issued a protective order prohibiting defendants from "publishing, disseminating, or using the information in any way except where necessary to prepare for and try the case."  Id. at 27.  The trial court's protective order ruling was appealed and ultimately upheld by the Supreme Court of the United States.

In his opinion for a unanimous Court, Justice Powell wrote of the need to use protective orders to protect against discovery abuse:

> It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse.  This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. . . . There is an opportunity, therefore, for litigants to obtain – incidentally or purposefully – information that not only is irrelevant but if publicly released could be damaging to reputation and privacy.  The government clearly has a substantial interest in preventing this sort of abuse of its processes. (Citations omitted.)  The prevention of the abuse that can attend the coerced production of information under a State's discovery rule is sufficient justification for the authorization of protective orders.

Id. at 34-36.  See also, Grove Fresh Distributors, Inc.v. Everfresh Juice Co., 24 F.3d 893, 897-98 (7th Cir. 1994) ("As the district court correctly noted, until admitted into the

record, material uncovered during pretrial discovery is ordinarily not within the scope of press access.").

A protective order is appropriate here. Such an order will have no impact on Defendant's ability to litigate this case. It will, however, protect Plaintiff from damage to his "reputation and privacy" at a particularly sensitive time in light of his book's impending release. Such an order will not, of course, prevent Defendant from using any information that it obtains in discovery in a court filing or at trial assuming it is relevant and admissible.

### CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court issue a protective order that prohibits the publication or dissemination of deposition testimony and documents produced by Plaintiff in this litigation. A proposed Order is attached.

Respectfully submitted,

/s/ Stephen H. Marcus
Law Office of Stephen H. Marcus
1730 Rhode Island Avenue, N.W.
Suite 713
Washington, D.C. 20036

and

Thomas A. Vickers
Vanek, Vickers & Masini, P.C.
111 South Wacker Drive
Suite 4050
Chicago, IL 60606

Counsel for Plaintiff John R. Lott

May 25, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

| | | |
|---|---|---|
| **JOHN R. LOTT, JR.** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06 C 2007** |
| | : | **Judge Castillo** |
| **v.** | : | **Magistrate Judge Levin** |
| | : | |
| **STEVEN D. LEVITT and** | : | |
| **HARPERCOLLINS PUBLISHERS,** | : | |
| **INC.** | : | |
| | : | |
| **Defendants.** | : | |

---

## ORDER

Upon consideration of Plaintiff's Motion For a Protective Order, and Defendant's opposition thereto, and for good cause shown, it is hereby ORDERED this __ day of _____, 2007 that the said motion is granted.

IT IS HEREBY ORDERED that the parties hereto are prohibited from publishing or disseminating any information obtained in discovery, including deposition testimony or documents produced that are not publicly available, and that such information may only be used to prepare for and try the case.


_____
Judge Ruben Castillo

CERTIFICATE OF SERVICE

I hereby certify that on May 25 2007, I served Plaintiff's Motion for a Protective Order by filing it electronically and by facsimile on the following counsel:

Slade R. Metcalf, Esq.
Hogan & Hartson, LLP
875 Third Avenue,
New York, N.Y 10022

David P. Sanders, Esq.
Jenner & Block, LLP
330 North Wabash Avenue
Chicago, IL 60611

/s/ Stephen H. Marcus
Stephen H. Marcus