IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. LOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 2007 |
| v. | ) | |
| | ) | Judge Castillo |
| | ) | |
| STEVEN D. LEVITT and | ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>CORRECTED MOTION FOR A PROTECTIVE ORDER</u>**

Slade R. Metcalf
Gail C. Gove
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

David P. Sanders
Wade A. Thomson
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

Defendant Steven D. Levitt ("Levitt" or "Defendant") submits this opposition to Plaintiff John R. Lott, Jr.'s ("Lott" or "Plaintiff") Corrected Motion for a Protective Order ("Protective Order Motion") to prevent the parties from disseminating or publishing any information obtained in pretrial discovery.

## Background

Libel plaintiff John Lott comes before this Court seeking a complete and uniform ban on the parties' disclosing *any* information obtained through pretrial discovery to *any* third party (whether a member of the press or not) based on the sole reason that he is concerned that embarrassing information (which he assumes will be elicited) will adversely effect the sales of his new book which is to be published on June 4, 2007. This unsubstantiated and ephemeral reason does not (and could never) qualify as a basis for "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure ("F. R. Civ. P.") in order for this or any court to issue a protective order. Although counsel for Levitt has informed counsel for Lott that neither counsel nor Levitt has any intention of disclosing such discovery material, Levitt will not agree to a blanket protective order barring such discussion or disclosure.[1]

Lott is obviously concerned that statements or documents from him or from third party witnesses will be extraordinarily embarrassing leading to reduced sales of his new book. Lott ignores the primary fact that *he* is the one who has brought this libel suit, thereby placing his reputation and his past conduct directly at issue in this case. He cannot now attempt to litigate this case in private and have this Court hide his embarrassment. The Seventh Circuit has repeatedly declared that not only are judicial files and testimony in court open to public review and inspection, but there is also a presumption of public access to discovery materials. Plaintiff

---

[1] Indeed, there may come a time that Levitt's counsel may need to reveal certain information obtained during discovery to third-parties for deposition purposes or to prepare for trial.

has utterly failed to provide *any* evidence or legal support that Levitt should be gagged from disclosing any information that is produced during the course of discovery in this case. The motion for a protective order should be denied.

**ARGUMENT**

**I.     THE PLAINTIFF'S PROPOSED PROTECTIVE ORDER IS UNWARANTED**

This Court should deny Lott's proposed Protective Order Motion because Lott has clearly not shown good cause as set out in F. R. Civ. P. 26(c) and Seventh Circuit case law. Lott's vague basis for a protective order is that his book sales might be affected if embarrassing information is disclosed in discovery. This is clearly an insufficient basis for a protective order.

**A.     Movant Has Not Met His Burden of Showing Good Cause for the Issuance of a Protective Order**

Under Rule 26(c), a party is only entitled to a protective order on a showing of *good cause.* F. R. Civ. P. 26(c). "Good cause 'is difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action'." Wiggins v. Burge, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (Castillo, J.) citing In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Accord  Hollinger Int'l Inc. v. Hollinger Inc., No. 04 C 698, 2005 WL 3177880, at *2 (N.D. Ill. Jan. 19, 2005)  To establish good cause, the parties must show that disclosure of discovery information "will result in a clearly defined and very serious injury." Andrew Corp. v. Rossi, 180 F.R.D. 338, 341 (N.D. Ill. 1998). "In deciding whether good cause exists, the district court must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public." Wiggins, 173 F.R.D. at 229.

The Seventh Circuit has further held that because "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding" there is "a

presumption to public access of discovery materials". Citizens First Nat't Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945, 946 (7th Cir. 1999); see also American Tel. & Tel. Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1979) ("[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist . . . ."). Therefore, *even if* the parties here had stipulated to a protective order, the judge must still make his own determination that there is good cause, and may not simply "rubber stamp" the parties stipulation. Citizens First, 178 F.3d at 945.

The Seventh Circuit has defined "good cause" as when the parties' "privacy and property interests . . . predominate in the particular case," and where the parties only attempt "to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record." Citizens First, 178 F.3d at 945, 946. See also Hollinger Int'l Inc., 2005 WL 3177880, at *2; Andrew Corp. 180 F.R.D. at 340 (a court will only issue a protective order when the moving party shows the need to protect an "actual trade secret or other confidential business information"). The movant must allege specific facts demonstrating his or her need for a protective order, and may not rely on "stereotyped and conclusory statements." Hollinger Int'l Inc., 2005 WL 3177880, at *2 (internal citation omitted). A party's "self-serving statement that their business and financial information is confidential because they say so is insufficient." Id. at *6.

Under these guidelines, a party's fear of embarrassment or that information exchanged in discovery could be misinterpreted, is simply insufficient to show good cause for a protective order. See, e.g., Nicklasch v. JLG Indus., Inc., 193 F.R.D. 570, 574 (S.D. Ind. 1999) (holding that under Seventh Circuit precedent, the Court could not grant a protective order simply because a party "fears possible embarrassment" and noting the party did not argue that they needed a

3

protective order to prevent publication of "trade secrets, confidential strategic business information of invasion of any person's privacy"); City of Fairview Heights v. Orbitz, Inc., No. 05-840, 2007 WL 1100619, at *3 (S.D. Ill. Apr. 11, 2007) (denying protective order to prevent dissemination of a Mayor's deposition although the Mayor feared "potentially embarrassing sound bites."); Hollinger Int'l Inc., 2005 WL 3177880, at *3 (noting that embarrassment alone is not sufficient to warrant a protective order).

Moreover, even when a party shows there is good cause for the issuance of a protective order, that party must define particular categories of documents or discovery material he seeks to keep confidential; it is insufficient to move for a protective order for all discovery material or even all "confidential" material. See, e.g., Citizens First, 178 F.3d at 945 (holding that a protective order that prevented "other confidential information" or "governmental information" was "absurdly overbroad"); Andrew Corp., 180 F.R.D. at 342 (refusing to grant a protective order where "[t]he proposed categories of protection are vague" and too broad).

**B.   Lott Has Not Shown Good Cause for the Issuance of a Protective Order**

"The burden to show good cause for a protective order is upon the party seeking the order." Wiggins, 173 F.R.D. at 228. Here, Lott has clearly not met his burden of showing there is good cause for the issuance of a protective order. In fact, Lott has not shown how he will be harmed without a protective order at all. Lott does not allege that he has any confidential trade secrets, that there are individual whose identities must be kept secret, or even that anyone's privacy interests would be affected whatsoever. Lott simply argues that without a protective order, some embarrassing information about him might come out that would make him lose some books sales. (Protective Order Motion at 2, 4, 6.) The law is clear: Lott is not entitled to a blanket protective order simply because he could suffer some embarrassment. Moreover, if Lott believes pretrial discovery information needs context or explanation, he should simply release

4

complete information with his interpretation of that information.  See, e.g., Nicklasch, Inc., 193 F.R.D at 574 (noting that if the movant "fears possible misinterpretation of partial information, it can release complete information and its interpretation of that data").

Significantly, it must be remembered that Lott is the Plaintiff here.  It was *his* decision to bring a libel suit, *voluntarily* putting his reputation at issue for discovery and trial -- both the good and the bad, the congratulatory, and, indeed, even the embarrassing.  It was *his* decision to bring this suit; he cannot now attempt to conduct the lawsuit in private.  Open judicial proceedings are the hallmark of the American court system, and the Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent. . . . What happens in the federal courts is presumptively open to public scrutiny."  Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006).

Finally, Lott tries to hide his complete lack of any need for a protective order by attempting to compare his Protective Order Motion with the interests of the religious organization and its congregants in Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984).  However, in Seattle Times, the Supreme Court held that the Plaintiff in the defamation action could, without violating the First Amendment, prevent the dissemination of pretrial discovery material related to the limited category of "financial affairs of the various plaintiffs [and] the names and addresses of the [religious institution's] members, contributors, or clients . . . ."  Id. at 27.  Of course, the members of a religious organization do not anticipate that their names and addresses will appear on the front pages of the Seattle Times merely because they contributed money to the organization.  In that case, there was an arguable basis to keep this limited information confidential.  Here, there is simply no basis for Lott to keep pretrial discovery confidential.  Therefore, Lott has not shown good cause for the issuance of a protective order.

5

## **CONCLUSION**

For the foregoing reasons, Defendant Levitt respectfully requests that this Court deny Plaintiff's Corrected Motion for a Protective Order.

Dated: June 4, 2007

                                      STEVEN D. LEVITT

                                  By: ___/s/ Slade R. Metcalf_____

Slade R. Metcalf                              One Of His Attorneys
Gail C. Gove
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

David P. Sanders
Wade R. Thomson
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

# CERTIFICATE OF SERVICE

I, Rachel F. Strom, an attorney, hereby certify that on June 4, 2007, I caused the foregoing **Memorandum in Opposition to Plaintiff's Corrected Motion for a Protective Order** to be served on:

>Thomas A. Vickers
>Vanick, Vickers & Masini, P.C.
>225 W. Washington St. #1850
>Chicago, IL 60607
>
>- and -
>
>Stephen H. Marcus
>Law Office of Stephen H. Marcus
>1050 17th St., N.W., Suite 600
>Washington, D.C. 20036

by depositing true copies thereof in postage prepaid, securely sealed envelopes and placing them in an official depository of the United States Postal Service within the State of New York for First Class Mail delivery.

>/s/Rachel F. Strom
>Rachel F. Strom