JH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. LOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 C 2007 |
| v. | ) | |
| | ) | Judge Castillo |
| | ) | |
| STEVEN D. LEVITT and | ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in this action, plaintiff John R. Lott, Jr. ("Plaintiff") and defendant Steven D. Levitt ("Defendant"), and non-party the University of Chicago (the "University"), believe that good cause exists for entry of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information of the parties or third parties; and

WHEREAS, the parties recognize that confidential information is being produced only for use in this civil action;

WHEREAS, the Court retains full and final discretion and authority to determine whether the entry of a protective order is appropriate under governing legal standards;

IT IS HEREBY STIPUATED, as follows:

1. The term "Confidential Information" as used in this Protective Order consists

of information and tangible things that the designating party or non-party in good faith believes constitutes confidential information of one of the parties or a non-party that requires the protections provided in the Protective Order. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2. The parties and non-parties producing discovery materials may designate as "CONFIDENTIAL" Confidential Information. The parties and non-parties producing discovery materials may designate as "HIGHLY CONFIDENTIAL" all Confidential Information that satisfies the requirements of paragraph 1 and if such party or non-party in good faith reasonably believes that the disclosure of the Confidential Information is substantially likely to cause injury to the party or non-party producing the information. Except as otherwise provided herein, protections and procedures applicable under this Protective Order to Confidential Information apply as well to Highly Confidential Information.

3. Confidential Information may be disclosed, disseminated and used by the receiving party only for purposes of this civil action. Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order, except with the prior written consent of the producing party or upon prior order of this Court.

4. The term "producing party" means the party or non-party designating

documents or information as Confidential Information under this Protective Order.

5. The term "receiving party" means each party to whom the Confidential Information is disclosed.

6. The parties or non-parties may designate material as Confidential Information in the following manner:

(a) Materials produced in discovery that contain Confidential Information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

(b) In the case of answers to interrogatories and/or to requests for admission and the information contained therein, designation shall be made by (i) including a statement at the conclusion of such answers specifying the answers or parts thereof deemed confidential or highly confidential and (ii) placing on the first page of any such set of answers and on each succeeding page that contains information designated as Confidential Information a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" stamp or legend.

(c) A producing party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information by notifying all parties and the court reporter in writing, within fifteen (15) days after the producing party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Any such written statement shall also be attached to the videotape of any videotaped deposition. All parties and non-parties shall treat the deposition transcript as Confidential or Highly Confidential Information until the foregoing 15-day review period has lapsed.

(d) Confidential Information contained in any affidavit, brief, memorandum or other material filed with the Court in this action may be designated as Confidential Information by indicating on the face of such material that one or more parties or non-parties consider the material to contain Confidential Information.

7. Such designated information shall thereafter be subject to this Protective Order, and use or disclosure of such information so designated shall be restricted as set forth herein.

8. Material designated "CONFIDENTIAL," and any summary, description or report containing such information, may be disclosed only to the following persons:

(a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) independent consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work, subject to the provisions of paragraph 11;

(c) a party;

(d) any person indicated on the face of the document to be the author, addressee or a copy recipient of the document;

(e) witnesses and deponents and their counsel, during the course of, and to the extent necessary in preparation for, depositions or testimony in this action;

(f) graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court proceedings in this action;

(g) non-technical jury or trial consulting services retained by counsel;

(h) document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases;

(i) the parties' counsel of record in this action, counsel employed by defendant HarperCollins Publishers LLC, and any other counsel for a party that appears in this action, provided that they execute this Protective Order, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

9. Materials designated "HIGHLY CONFIDENTIAL," and any summary, description or report containing such information, may be disclosed only to the persons identified in paragraphs 8(a)-(b), (d)-(e), (g) and (i), provided however that Highly Confidential materials produced by the University that disclose the identities of any peer referees of the Journal of Law & Economics (the "Journal") shall be disclosed only to editors of the Journal and peer referees of the Journal, and not to other persons without the consent of the University.

10. A party may exclude from a deposition any person who is not entitled to have access to Confidential Information when such Information is the subject of examination.

11. No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 8(b) and (e)-(h) until

that individual has been given a copy of this Protective Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. The original of each undertaking shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

12. Confidential Information shall be maintained by the receiving party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information to ensure that the confidential nature of the same is maintained.

13. It is the intention of this Protective Order that the following categories of information are not, and should therefore not be designated as, Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party; and/or (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence to any third party with respect to that information. During the pendency of this action, any disputes as to whether information is Confidential Information under the terms of this Protective Order shall be resolved according to the procedure set forth in paragraph 14

hereof.

14. If a party disagrees with the designation of any information as Confidential Information, such party shall first make its objection known to the producing party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, no sooner than five (5) business days nor more than fifteen (15) business days following the service of a written notice of disagreement, the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until there is a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Protective Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

15. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Protective Order, the person responsible for the disclosure shall inform counsel for the producing party and all other counsel of record and, without prejudice to other rights and remedies of anyone, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

16. Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other

appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

CONFIDENTIAL –
FILED UNDER SEAL

If a party or non-party files Confidential Information under seal with the Court, the party or non-party should submit a copy of the materials to the public file, with all such Confidential Information redacted.

17. The Clerk of the Court is directed to place and maintain under seal in accordance with this Protective Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 16 or any other provision hereof.

18. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party or non-party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected persons, orders or permits such disclosure.

19. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of Confidential Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing

party that privileged information or work-product material has been inadvertently produced, such information shall be returned to counsel for the producing party and the receiving party shall not use such information for any purpose except application to the Court until further Order of the Court. In response to an application to the Court by the receiving party to compel production of such information, the producing party shall submit the materials or testimony at issue to the Court for *in camera* inspection.

20. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for further or additional protective orders.

21. Non-parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall be treated by the parties in conformance with this Protective Order, provided that such non-parties sign the undertaking in the form attached hereto as Exhibit A.

22. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose information designated Confidential Information pursuant to this Protective Order shall promptly notify the producing party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

23. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or

otherwise disclose discovery material that is designated as Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information and shall give prompt written notice to all counsel of record herein. If the person seeking access to the Confidential Information takes action against a party covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party covered by this Protective Order shall respond by setting forth the existence of this Protective Order. Nothing in this Protective Order shall be construed as precluding production of Confidential Information covered by this Protective Order in response to a lawful court order.

24. Nothing contained herein shall prevent a producing party from using its own Confidential and Highly Confidential materials in any way it chooses.

25. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an order of the Court.

AGREED TO BY:

| | |
|---|---|
| LAW OFFICES OF STEPHEN H. MARCUS | HOGAN & HARTSON LLP |
| By: *[signature]* <br> Stephen H. Marcus <br> 1730 Rhode Island Ave: N.W. #713 <br> Washington, D.C. 20036 <br> Tel. (202) 776-0390 | By: *[signature]* <br> Slade R. Metcalf <br> Gail C. Gove <br> 875 Third Avenue <br> New York, New York 10022 <br> Tel. (212) 918-3000 |
| SEYFARTH SHAW LLP | JENNER & BLOCK LLP |
| By: *[signature]* <br> Paul E. Freehling <br> 131 S. Dearborn St., Suite 2400 <br> Chicago, IL 60603 <br> Tel. (312) 460-5618 | By: *[signature]* <br> David P. Sanders <br> One IBM Plaza <br> 330 N. Wabash Ave. <br> Chicago, IL 60611 <br> Tel. (312) 923-2963 |
| *Attorneys for Plaintiff John R. Lott, Jr.* | *Attorneys for Defendant Steven D. Levitt* |
| UNIVERSITY OF CHICAGO | HARPERCOLLINS PUBLISHERS LLC |
| By: *[signature]* <br> Bruce Melton <br> 5801 South Ellis Ave. <br> Chicago, IL 60637 <br> Tel: (773) 702-0988 | By: *[signature]* <br> Mark Jackson <br> 10 East 53rd St. <br> New York, New York 10022 <br> Tel: (212) 207-7859 <br><br> *Counsel for Defendant HarperCollins Publishers* |

The Court finds good cause for the entry of the Protective Order, and therefore enters the Protective Order, on 6th day of July, 2007.

*[signature]*
United States District Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06 C 2007 |
| v. ) | |
| ) | Judge Castillo |
| ) | |
| STEVEN D. LEVITT and ) | Magistrate Judge Levin |
| HARPERCOLLINS PUBLISHERS, INC., ) | |
| ) | |
| Defendants. ) | |

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ hereby acknowledge that as a condition of being given access to Confidential Information and/or Highly Confidential Information, as that term is defined in the Stipulated Protective Order (the "Order") in effect in this action, I am required to agree to certain restrictions on any use of such Confidential Information and/or Highly Confidential Information; to agree that such Confidential Information and/or Highly Confidential Information is governed by the Order, which I have read; to be bound by the terms of that Order, including any penalties for breach of its confidentiality provisions; and to deliver a signed copy of this Confidentiality Order to counsel of record for the party providing the Confidential Information.

Signature: _____     Print Name: _____

Date: _____