## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  06 C 2007 |
| ) | |
| ) | Hon. Judge Castillo |
| STEVEN D. LEVITT and ) | |
| HARPERCOLLINS PUBLISHERS, INC. ) | |
| ) | |
| Defendants. ) | |

### <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiff John R. Lott, Jr. ("Lott"), through his attorneys, pursuant to Fed. R. Civ. P.

15(a), respectfully requests this Court to grant him leave to file an Amended Complaint.  In

support of this Motion, Lott states as follows:

### INTRODUCTION

1.      Lott, who has published extensively in the field of law and economics, and

economics generally, and is the author of a book entitled "More Guns, Less Crime," previously

filed a two-count complaint for defamation against defendants Steven D. Levitt  ("Levitt"), an

economics professor in the Department of Economics at the University of Chicago, and

HarperCollins Publishers, Inc. ("HarperCollins").  In Count I of the Complaint, which is against

both defendants, Lott alleges that a certain passage pertaining to Lott contained in the book

*Freakonomics*, co-authored by Levitt and published by HarperCollins, is defamatory *per se*.[1]

---

[1]  In Count II of the Complaint, which is against solely Levitt, Lott alleges that in an e-mail exchange
between Levitt and an economist residing in Texas, Levitt made various statements pertaining to Lott that
also were defamatory *per se*.

Dockets.Justia.com

2. On June 2, 2006, HarperCollins and Levitt each filed motions to dismiss both Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Those motions were fully briefed by the parties. Thereafter, by Memorandum Opinion and Order ("Order") dated January 11, 2007, this Court granted the motion to dismiss as it pertained to Count I[2] and denied it as it pertained to Count II.

3. Thereafter, the parties began to conduct both written and oral discovery pertaining to Count II of the Complaint.[3]

## ARGUMENT

### Lott Should be Permitted to File an Amended Complaint

4. Rule 15(a) provides that a party may amend its pleading by leave of the court, and such "Leave shall be freely given when justice so requires." Fed R. Civ. P. 15(a).

5. Here, Lott seeks to amend the previously dismissed Count I (for defamation *per se*) and to plead a new Count II (for defamation *per quod*). (A copy of the proposed amendment is attached as Ex. B.) This Court should allow Lott to file the Amended Complaint for several reasons.

6. First, since the entry of the Order, Lott has uncovered explicit evidence of Levitt's malice towards him, which was previously unknown to Lott and which now is specifically

---

[2] It is unclear whether this Court dismissed Count I with or without prejudice as to Levitt. (*See* Order at pp. 12 and 16.) Ultimately, however, it does not affect Lott's ability to proceed with the instant Motion, as this Court did not "direct the entry of a final judgment" as to Count I by making "an express determination that there was no just reason for delay," pursuant to Rule 54(b). Fed. R. Civ. P 54(b) ("In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")

[3] As noted in the recently-filed Plaintiff's Motion to Reconsider Dismissal of Count I ("Motion to Reconsider), the parties have agreed to settle Count II pursuant to a Settlement Agreement and Release, a signed copy of which is attached as Ex. A. In view of such, that Count does not appear in the proposed Amended Complaint.

2

alleged in the Amended Complaint. (Ex. B, ¶¶ 16-20.) Second, unlike the initial Complaint, the Amended Complaint makes explicit that the book *Freakonomics* was intended for "academics trained in economics, statistics, econometrics and/or the law and their students." (*Id.* at ¶ 9.) Third, as noted, the Amended Complaint states a new claim for defamation *per quod* in addition to defamation *per se*. (*Id.* at ¶¶ 21-22.)

7.     Lott seeks leave to amend Count I based in large part on new information learned through discovery of which he was previously unaware and that factored into the claims and allegations that were contained in the original Complaint. He brings the instant Motion in a timely and expeditious fashion. There has not been any undue delay, bad faith, or dilatory motive on Lott's part and allowing amendment at this time will not prejudice any of the defendants. Indeed, except for the deposition of Lott himself, no party or witness who has been previously deposed will need to be deposed again if amendment is allowed, nor will any written discovery have to be duplicated. Under the circumstances, and consistent with the purpose of Rule 15(a)'s liberality standard, allowing amendment at this time would be fair and just.

WHEREFORE, plaintiff John R. Lott, Jr. respectfully requests this Court to enter an Order granting him leave to amend Count I, and for such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

JOHN R. LOTT, JR.


By:   <u>s/ Mark L. Johnson</u>
           One of His Attorneys

Paul E. Freehling
Mark L. Johnson
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

CH1 11277533.1