IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. LOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CV 2007 |
| | ) | |
| STEVEN D. LEVITT and | ) | Judge Ruben Castillo |
| HARPERCOLLINS PUBLISHERS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN R. LOTT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT**

## I.      INTRODUCTION

Seeking some way to avoid having to answer for their defamatory conduct, Defendants

assert three misguided arguments in opposition to Lott's motion for leave to file the Amended

Complaint.  First, Defendants contend that the motion is untimely.  Second, they say they would

be prejudiced if the motion is granted.  Third, they maintain that the Amended Complaint fails to

state a viable cause of action.  As demonstrated below, Defendants are wrong in all respects.

Both counts of the proposed pleading state valid claims as a matter of law, and the liberal

deference afforded first amendments militate in favor of allowing the proposed amendment.

## II.      ARGUMENT

### A.      Lott Has Not Unduly Delayed Seeking Leave To File His First Amended Complaint.

Federal Rule of Civil Procedure 15(a) is the controlling procedural rule.  It states that

leave to amend a complaint "shall be freely given when justice so requires."  The Advisory

Committee Note to Subdivision (a) provides, in relevant part: "The right to serve an amended

pleading once as of course is common.  Provision for amendment of pleading before trial, by

leave of court, is in almost every code." (Citations omitted.)

CHI 11288025.2

The foregoing principles have been applied many times to permit the filing of a first

amended complaint. The Seventh Circuit's opinion in *Barry Aviation Inc. v. Land O'Lakes*

*Munic. Airport Comm'n*, 377 F.3d 682 (7th Cir. 2004), is particularly instructive. There, the

District Court dismissed the initial complaint, and denied the plaintiff leave to amend, on the

ground that the statute of limitations had expired for each claim. The Court of Appeals reversed.

Citing Rule 15(a) and nearly a half-dozen U.S. Supreme Court and Circuit Court of Appeals

decisions, and quoting from 5A Wright & Miller, *Federal Practice and Procedure* §1357, the

Seventh Circuit wrote:

> That leave be "freely given" is especially advisable when such permission is sought after the dismissal of the first complaint. Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss. One treatise [*Federal Practice and Procedure*] has explained succinctly the reason for this approach:
>
>> "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."

377 F.3d at 687 (footnote and citations omitted).

Defendants argue that Lott's motion for leave to amend is untimely because it was filed

"well over a year after filing suit, seven months after this Court dismissed his defamation *per se*

claim with prejudice, immediately on the heels of the parties having settled the only remaining

claim in this litigation, and the day before the date on which discovery was scheduled to close as

to that remaining claim." (Deft. Memo. at 7.) No authority cited by Defendants or known to

Lott holds that a motion for leave to amend can be denied based solely on the number of months

2

that (a) a lawsuit has been pending, or (b) since a motion to dismiss was allowed. Of course, no authority so much as mentions, much less deems dispositive, that the filing date of a motion for leave to amend a previously dismissed count of a complaint was a day or so before a discovery cutoff pertaining only to a totally different count.

It is the totality of the circumstances surrounding the proposed amendment that determines timeliness. In each case where a Federal Court has denied a Rule 15(a) motion and the Court has mentioned the length of time the case has been pending or the number of months since the prior pleading was dismissed, there were compelling reasons for the denial that are not present here.

Lott could not have filed the First Amended Complaint in its present form until, at the earliest, a few weeks prior to the date the motion for leave was presented to the Court. The reason is that Levitt delayed producing his documents until approximately two months ago, and it was only then that Lott – for the first time – had the incontrovertible proof pleaded in Paragraphs 16-20 with specificity that Levitt hated Lott. The motion was filed soon after Levitt's tardy production of documents finally was made.[1]

Defendants cite *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) (Deft. Memo. at 6), but there the motion for leave to amend **pertained to an answer, not a complaint, and the Court of Appeals noted that the answer raised no new issues and that it was filed on the eve of trial** (Defendants make no mention of those matters). Here, Lott has just learned new facts, and a trial on Count I was not even scheduled much less imminent.

---

[1] In footnote 2 of their memorandum, Defendants state that one of those documents – they don't say which one – "had been marked by Levitt's counsel 'Confidential' in the course of discovery" and that, therefore, the proposed First Amended Complaint should have been filed under seal. Lott disagrees, but when Defendants first raised this issue he offered to cooperate with them in causing the pleading to be sealed. Defendants declined the offer.

3

Defendants similarly claim that *Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*, 125 F.3d 468, 480-81 (7th Cir. 1997) (Deft. Memo. at 7), is controlling. But in that case, as Defendants concede, no new facts had recently been discovered. Moreover, Defendants fail to mention that the motion for leave to file in *Orix* was presented **during the trial, four years after the litigation commenced, and it added a wholly new claim**. The case of *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (Deft. Memo. at 7-8), likewise is distinguishable. There, the motion was filed **after discovery had closed with respect to the subject of the amendment and the defendants had prevailed on a motion for summary judgment**, which Defendants once again fail to mention. The other cases Defendants cite are equally inapposite.

Significantly, Defendants ignore some very basic facts with respect to Count I of Lott's original Complaint. Both on the date Count I was dismissed with prejudice in January 2007, and at the time the Rule 15(a) motion was filed, no depositions had been taken regarding Count I, no cutoff dates had ever been set for amendment of Count I or discovery relating to it,[2] and trial on Count I had never been scheduled. The litigation still was pending in the District Court when the motion for leave was filed. In short, absent some justification for Defendants' assertion that granting the motion would prejudice them, an assertion refuted below, there is no basis for their contention that the motion is untimely.

---

[2] In January 2007, when Count I was dismissed and the motion to dismiss Count II was denied, the Court did not make a Rule 54(b) determination with regard to Count I. So, the dismissal order was interlocutory and not appealable. Subsequently, on March 28, 2007, the Court set a deadline for amending Count II. **The Court never set a deadline for filing an amendment to Count I.** At the recent July 31, 2007 Court hearing, the Court confirmed that the reference in the March 28, 2007 order to a date for filing an amended pleading referred solely to Count II. Tr. (a copy is appended to Deft. Memo.) at 3.

4

**B.     Defendants Would Not Be Prejudiced Unduly By Granting Lott Leave To File The Amended Complaint.**

Defendants' claim that "[i]n view of that lengthy passage of time, Defendants would be severely prejudiced if they" were required to respond to the amended complaint (Deft. Memo. at 8) is baseless.  Devoid of any actual prejudice, Defendants resort to asking the Court to take pity on them simply because they will have to engage in "discovery on issues that they assumed had been disposed of" and because Defendants had "been operating on the basis that Plaintiff has an interest only in appealing Count I of the Complaint." *Id.*  If Defendants mistakenly assumed that Lott's causes of action with respect to the defamatory statements in *Freakonomics* "had been disposed of," that is not his fault.  Indeed, Defendants' assertion that they have been "operating on the basis that Plaintiff has an interest only in appealing" the Court's dismissal of the original Count I is incredible because it is directly contradicted by Paragraph 4 of the parties' Count II Settlement Agreement and Release (a copy is Ex. A to the Rule 15(a) motion) which states expressly that Lott reserves his right to seek to litigate Count I in the District Court.

No discovery will need to be repeated.  Neither Levitt nor anyone else with knowledge of the alleged *Freakonomics* defamation, other than Lott (who was not questioned about the allegations in the original or amended Count I), had been deposed when original Count II settled.  All other persons who had been deposed were fact witnesses regarding that count.  Defendants' objection based on prejudice fails.

**C.     The Proposed Pleading Sufficiently Alleges Claims For Defamation *Per Se* And Defamation *Per Quod*.**

Defendants argue that the proposed First Amended Complaint is futile.  They say that the statements forming the basis of Count I (for *per se* defamation) are not actionable under the innocent construction rule called for by Illinois defamation law.  Further, they argue that Lott has

failed to adequately plead special damages under Illinois defamation law, which purportedly defeats Count II (for defamation *per quod*). Neither argument withstands scrutiny.

1. **Virginia Law Unquestionably Governs The Defamation Claims In The Amended Complaint.**

Defendants seemingly presume that Illinois law should be applied to determine the sufficiency of the Amended Complaint. It is true, of course that as a Federal Court hearing a diversity of citizenship lawsuit, this Court is to apply the substantive law of the state in which the case was filed and in which the Court sits – Illinois. *Cook v. Winfrey*, 141 F. 3d 322, 329 (7th Cir. 1998), citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (a federal court sitting in diversity applies the substantive law of the state in which it sits); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996) (same). Application of Illinois substantive law unquestionably includes application of Illinois' choice-of-law rules. *Klaxon,* 313 U.S. at 496; *Cook*, 141 F. 3d at 329; *Ruiz*, 89 F.3d at 323.

It is indisputable, however, that Illinois' choice-of-law rules requires the application of Virginia law to the defamation causes of action pleaded in the First Amended Complaint. As the Seventh Circuit observed long ago, **"in multistate defamation cases, Illinois cases indicate that the 'applicable law' is that of the victim's domicile, period.***" Cook*, 141 F.3d at 329, citing *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 916 (7th Cir. 1994) (emphasis supplied).

That rule has been consistently followed by courts within the Northern District of Illinois. *See, e.g., Harman v. Gist*, 2003 WL 22053591 at *2 (N.D. Ill Sept. 2, 2003) (applying Missouri defamation law because plaintiff was domiciled in Missouri, but applying Illinois law to other claims); *Porter v. Bankers Life & Casualty Co.*, 2002 WL 31422856 at *3 (N.D. Ill. Oct. 29, 2002) (applying Mississippi defamation law because plaintiff was domiciled in Mississippi, but applying Illinois and Indiana law to other claims); *Eberhardt v. Morgan Stanley Dean Witter*

*Trust FSB*, 2001 WL 111024 at *2 (N.D. Ill. Feb. 2, 2001) (applying Illinois defamation law because plaintiff was domiciled in Illinois); *Kapetanovic v. Cannell*, 1998 WL 474141 at *1 (N.D. Ill. Aug. 6, 1998) (applying Arizona defamation law because that is where plaintiff was domiciled at the time of the defamatory statement, even though plaintiff presently was domiciled in Pennsylvania). *See also, Cohabaco Cigar Co. v. United States Tobacco Co.*, 1998 WL 773696 (N.D. Ill. Oct. 30, 1998) (noting Illinois' multi-state defamation choice of law rule and applying it to a claim for multi-state commercial disparagement).

Lott is, and at the time of publication of the alleged defamatory statement he was, domiciled in Virginia. (Amended Compl. ¶1.) *Freakonomics* has sold approximately three million copies and previously appeared on the New York Times best sellers list, and so publication undeniably was "multistate." Accordingly, under Illinois' choice-of-law rules, Virginia law governs the defamation claims in the First Amended Complaint.

2.      **Under The Applicable Defamation Law, That Of Virginia, Amended Count I States A Claim For Defamation *Per Se*.**

While Illinois applies the rule that an alleged libelous statement cannot be deemed defamatory *per se* if it is reasonably capable of an innocent construction, **the defamation law of Virginia is diametrically opposite that of Illinois.** A Rule 12(b)(6) motion to dismiss a defamation *per se* complaint covered by Virginia law must be denied if the implicated statement is "capable of defamatory meaning." *Hatfill v. New York Times Co.*, 416 F.3d 320, 334 (4th Cir. 2005). Moreover, "a defamatory charge may be made by inference, implication or insinuation." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588, 592 (1954). To the same effect, see *Hatfill* at 331; *Tronfield v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 450 (2006); and *Schnapp v. Smith*, 249 Va. 353, 361, 457 S.E.2d 42, 46 (1995). Thus, a

7

complaint based on defamation *per se* is well-pleaded under Virginia law if – "by inference, implication or insinuation" – the implicated statement reasonably can be construed as libelous.

Like Illinois, Virginia treats as defamatory words that prejudice a person in his profession. *See, e.g., Tronfield*, 272 Va. at 713, 636 S.E.2d at 450. This Court has already determined that a statement that an academic or economist such as Lott "falsified his results . . . would surely impute a lack of ability and prejudice that person in his profession." (1/11/07 Memo. Opin. and Order at 5.) Because Count I of the First Amended Complaint alleges that the relevant passage in *Freakonomics* states – or at least infers, implies or insinuates – that Lott falsified his data, a cause of action for defamation *per se* has been adequately pleaded under Virginia law. Accordingly, the motion for leave to file a defamation *per se* cause of action clearly cannot be denied on the ground of futility.[3]

Under Virginia law, punitive damages may be awarded in a defamation *per se* case if common law malice is shown. "Common law malice is defined as 'some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff; or what, as a matter of law, is equivalent to malice, that the communication was made with such gross indifference and recklessness as to amount to a wanton or wilful disregard of the rights of the plaintiff.'" *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 149 n.3, 334 S.E.2d 846, 851 n.3 (1985), quoting *Preston v. Land*, 220 Va. 118, 120, 255 S.E.2d 509, 511 (1979). Lott has pleaded just that type of malice in the proposed First Amended Complaint. Therefore, the prayer for punitive damages is not futile.

---

[3] Lott does not concede that, under Illinois defamation law, Count I flunks the "innocent construction" test, but that issue is moot because Virginia defamation law applies to the First Amended Complaint. Moreover, even in Illinois, the "innocent construction" rule is inapplicable to *per quod* defamation as alleged in proposed Count II. *Mittelman v. Witous*, 135 Ill.2d 220, 233, 552 N.E.2d 973, 979 (1989).

CHI 11288025.2

### 3. Under Virginia Law, Proposed Count II States A Claim For Defamation Other Than *Per Se*

As in the instance of Count I, Defendants mistakenly cite Illinois law (Deft. Memo. at 11-12) with respect to the supposed futility of the defamation *per quod* claim in the Amended Complaint. For the reasons set forth above, however, it is Virginia defamation law and not that of Illinois that governs the Amended Complaint, including Count II.

In the frequently cited case of *Gazette, Inc. v. Harris*, 229 Va. 1, 13, 325 S.E.2d 713, 723-24, *cert. denied*, 472 U.S. 1032 (1985), the Virginia Supreme Court observed that a non-public figure suing under Virginia law for libel other than *per se* may recover compensatory damages for an injury "to reputation and standing in the community, embarrassment, humiliation, and mental suffering." Lott is not a public figure. Thus, in Virginia – unlike what Defendants maintain Illinois law provides (Deft. Memo. at 10-12) – someone in Lott's circumstances who alleges defamation *per quod* need not plead actual economic losses, much less plead such losses with particularity.[4]

### 4. Lott Does Not Acquiesce to the Application of Illinois Defamation Law

Needless to say, Lott does not acquiesce to the application of Illinois defamation law to his Amended Complaint. He does not, nor should he in light of the controlling authority above (which Defendants have ignored), and even some of the citations previously presented by Defendants themselves in their memoranda in support of their motions to dismiss the original Complaint.

In those memoranda, Defendants cited the Seventh Circuit decision in *Cook v. Winfrey*, 141 F.3d 322 (1998) (but ignored the Seventh Circuit decision in *Ruiz v. Blentech Corp.*, 89 F.3d

---

[4] Lott does not concede that Count II of the proposed First Amended Complaint fails to state a claim for defamation *per quod* under Illinois law, but that is not the applicable law.

9

320 (1996)), in acknowledging that the law of the victim's domicile applies. They suggested that "since then," there has been some sort of change in that result. (Memo. in Support of Deft. HarperCollins' Motion to Dismiss, at 10-11 (" Deft. Initial Memo."); Memo. in Support of Deft. Levitt's Motion to Dismiss, at 1.)

Nothing could be further from the truth, and certainly **none** of the cases cited by Defendants holds otherwise. In fact, Defendants simply turned a blind eye to the plethora of case law within the Seventh Circuit cited above reaffirming the principle that Illinois applies the defamation law of the place-of-the-victim's-domicile in multi-state defamation cases. Instead, Defendants cited cases (Deft. Initial Memo. at 10-11) that are all readily distinguishable and do not advance the determination of which state's defamation law applies under the facts here.[5]

---

[5] *See Global Relief Foundation v. New York Times*, No. 01 C 8821, 2002 WL 31045394, at *10-11 (N.D. Ill. Sept 11, 2002) (Illinois defamation law applied where plaintiff-victim was an Illinois charitable organization, defendants did not dispute that Illinois law applied, and court did not conduct **any** choice of law analysis); *Quality Carriers v. MJK Distribution, Inc.*, No. 02 CV 0148, 2002 WL 506997 (N.D. Ill. Apr. 3, 2002) (Illinois defamation law applied where alleged defamation occurred in Illinois, at the offices of the former customers of plaintiff-victim, which itself was a corporation organized under the laws of Illinois); *Conseco Group Risk Management Co., v. Ahrens Financial Systems, Inc.*, No. 00 C 6457, 2000 WL 1889637, *3-4 (N.D. Ill. Dec. 27, 2000) (Illinois defamation law applied where plaintiffs-victims were all corporations with principal places of business located in Illinois and court did not conduct **any** choice of law analysis); *Wilkow v. Forbes, Inc.*, No. 99 C 3477, 2000 WL 631344, at *5 (N.D. Ill. May 15, 2000) (Illinois defamation law applied, where plaintiff-victim was domiciled in Illinois, but New York law was applied to defendant's claimed privilege accorded newspapers, which privilege has nothing to do with the instant lawsuit); *Vantasell-Matin v. Nelson*, 741 F. Supp. 698, 705 (N.D. Ill 1990) (Illinois defamation law applied where its law regarding the privilege accorded witnesses in police investigations was more comprehensive than the privilege accorded by California law; privilege is not involved in the instant lawsuit); *Kaczmarek v. Allied Chemical Corp.*, 836 F.2d 1055, 1055-56 (7th Cir. 1988) (decided **prior** to the Seventh Circuit's holdings in *Ruiz* and *Cook*, is not even a defamation case); *Saenz v. Playboy*, 81 C 5723, 1984 WL 648, at *1 (N.D. Ill. June 14, 1984) (decided **prior** to the Seventh Circuit's holdings in *Ruiz* and *Cook*, applied New Mexico defamation law where alleged defamatory statements were made when plaintiff was the Secretary of New Mexico's Department of Corrections and where plaintiff's then present domicile was in New Mexico).

10

## III. CONCLUSION

For the reasons stated herein and in Lott's motion for leave to file the First Amended Complaint, the motion should be allowed.

Respectfully submitted,

By:_____/s Paul E. Freehling_____
        Paul E. Freehling
        One of the Attorneys for Plaintiff John R. Lott, Jr.

Paul E. Freehling 0870897
Mark L. Johnson 6204488
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

11

## CERTIFICATE OF SERVICE

Paul E. Freehling, an attorney, certifies that he caused true and correct copies of the

foregoing **PLAINTIFF JOHN R. LOTT'S MEMORANDUM OF LAW IN SUPPORT OF**

**HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT** to be served

upon:

> Slade R. Metcalf
> Gail C. Gove
> HOGAN & HARTSON LLP
> 875 Third Avenue
> New York, NY  10022
>
> David P. Sanders
> JENNER & BLOCK
> 330 North Wabash Avenue
> Chicago, IL 60611

by first-class mail and e-mail this 21st day of August, 2007.


s/__Paul E. Freehling_____