# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN R. LOTT, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 06 C 2007 |
| v. | ) |
| | ) Judge Ruben Castillo |
| STEVEN D. LEVITT and, | ) |
| HARPERCOLLINS PUBLISHERS, | ) |
| INC., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Lott brought suit against Defendants Levitt and HarperCollins on April 10, 2006, alleging that a one-paragraph passage of Defendants' book, *Freakonomics*, and an email sent by Levitt to an individual constituted defamation *per se*. Defendants filed motions to dismiss both counts of Lott's complaint, and after briefing by the parties, we issued an opinion on January 11, 2007, dismissing Count I, regarding the passage in *Freakonomics*. After months of settlement conferences and discovery, the parties settled Count II of the complaint on August 3, 2007.

Rather than proceeding to appeal Count I of the complaint, however, on July 27, 2007, and July 30, 2007, respectively, Lott filed two motions: (1) a motion for reconsideration of this Court's January 11, 2007 dismissal of Count I (R. 57); and (2) a motion for leave to file an amended complaint (R. 60). Lott's motion for reconsideration centered on the argument that this Court should have applied Virginia, rather than Illinois, defamation law, despite Lott's explicit acquiescence to application of Illinois law by citing only Illinois law and stating: "We agree with Defendants that Illinois law governs this dispute." (R. 25, Lott Opp'n Br. at 8, n. 5.) This Court found that the motion for reconsideration, seven and a half months after Lott's consent to Illinois

law, was too little too late. Where "parties do not make an issue of choice of law, we have no obligation to make an independent determination of what rule would apply if they had made an issue of the matter." *Matter of Stoecker*, 5 F.3d 1022, 1029 (7th Cir. 1993); *see also Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.") The parties agreed to apply Illinois substantive law to the dispute, and because choice of law is waivable, this Court denied the motion to reconsider after oral argument on July 31, 2007. (R. 62.) *See Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) (Choice of law, not being jurisdictional, is waivable).

The Court accepted briefing on Lott's motion for leave to file an amended complaint. Lott's proposed amended complaint seeks to add to Count I: two additional phrases in the *Freakonomics* passage that Lott now finds defamatory; information that Lott allegedly uncovered in discovery regarding Levitt's malice and hatred towards him; and an allegation that *Freakonomics* was intended for two audiences: lay readers and academics. (R. 60, Mot. to Amend ¶ 6.) In addition, Lott seeks to add a new claim for defamation *per quod*. (*Id.*)

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." District courts have discretion under Rule 15(a) to allow amendment to pleadings "so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, Nos. 06-1039, 06-1590, 2007 WL 2255211, at *3 (7th Cir. Aug. 8, 2007). In this case, the seven-month delay alone would be sufficient reason to deny the motion to amend, where the motion was brought "well over a year after filing suit, seven months after this Court dismissed [Lott's] defamation claim with prejudice, immediately on the heels of the parties having settled the only

remaining claim in this litigation, and the day before the date on which discovery was scheduled to close as to that remaining claim." (R. 67, Defs.' Resp. to Mot. to Amend at 7.)

Moreover, Lott's proposed amendment would be futile: even with the amendments, Lott does not overcome the deficiencies in the original complaint and thus would not survive a motion to dismiss. *See Sound of Music Co. v. Minn. Mining and Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007); *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). We agree with Defendants that Lott's proposed amendments to Count I do not affect this Court's conclusion that the statements in *Freakonomics* are capable of an innocent construction under Illinois law. (R. 67, Opp'n to Mot. to Amend at 9-10.) Allegations that Levitt was motivated by hate to write the passage about Lott does not change the fact that this Court found that Levitt's actual words could be innocently construed. *See Lott v. Levitt*, 469 F. Supp. 2d 575, 581-82 (N.D. Ill. 2007).

Lott attempts to make an end-run around this Court's decision on his motion to reconsider by arguing anew (and without reference to the motion to reconsider) that Virginia law applies to his defamation claims. As this Court already ruled, however, Lott waived his choice to apply Virginia substantive law eight months ago when he agreed that Illinois law—and thus the innocent construction rule—should apply. An attempt to amend Count I of his complaint by adding futile allegations of malice does not give Lott a second bite at the choice of law apple.

Furthermore, the additional phrases in the *Freakonomics* passage—"regardless of whether the data were faked" and "there was the troubling allegation that Lott actually invented some of his survey data"—cannot be "reasonably interpreted as stating actual facts" that the data *were* faked or the data *was* invented.[1] *Lott*, 469 F. Supp. 2d at 584 (citing *Milkovich v. Lorain Journal*

---

[1] Lott does not take issue with the existence of such an allegation.

3

*Co.*, 497 U.S. 1, 20 (1990)). Thus, these words are not defamatory *per se* and are protected by the First Amendment. *Id.*

Finally, Lott's new claim of defamation *per quod* also fails. Illinois law requires that a claim for defamation *per quod* plead and prove "special damages;" *i.e.*, "actual damage of a pecuniary nature." *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214, 1221 (Ill. 1996); *see also Maag v. Ill. Coal. for Jobs, Growth and Prosperity*, 858 N.E.2d 967, 975 (Ill. App. Ct. 2006). Lott does not dispute that his defamation *per quod* claim fails to state actual, economic losses, and, indeed, it does not. (R. 69, Reply at 9; R. 60, Mot. to Amend, Ex. 1, Proposed Am. Compl. ¶¶ 21-22.)[2]

Accordingly, Lott's proposed amendments to his complaint are futile and unduly delayed, and his motion for leave to amend his complaint is denied. (R. 60.)

Entered:

Judge Ruben Castillo
United States District Court

Dated: August 23, 2007

---

[2] Rather, Lott makes the weak claim that Virginia law saves his defamation *per quod* claim, because for <u>non-public figures</u>, Virginia law allows defamation *per quod* claims to stand for injury short of actual economic loss, including damage to reputation and standing in the community. (R. 69, Reply at 9.) By his own admission, however, Lott is a public figure: publishing extensively in the fields of law and economics for over 20 years, writing numerous books and articles on the subject of gun control, etc. (R. 60, Mot. to Amend, Ex. 1, Proposed Am. Compl. ¶ 6.) Lott is a public figure as envisioned by the Supreme Court, having "voluntarily inject[ed] himself . . . into a particular public controversy," and having "assume[d] special prominence in the resolution of public questions." *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1552 (4th Cir. 1994) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)).

4